SUMMERS, Justice
(dissenting).
The city’s position is that the right of action for refund of taxes paid under protest vests solely in the person whom the statute places the tax against and who pays the tax, and the right of action for refund cannot be delegated to a third person.
Chrysler contends that its action for refund is properly brought as it is a taxpayer in accordance with the provisions of Article X, Section 18 of the Louisiana Constitution of 1921, LSA, Act 330 of 1938, LSA-R.S. 47:1576, 47:2110 and Section 15(a) of Ordinance No. 15, 201, C.C.S., referred to in the majority opinion.
Under the facts of this case the city, asserting that the tax was placed against Chrysler, demanded payment of the taxes from Chrysler, not the United States. Chrysler, not the United States, paid the taxes under protest; Chrysler gave notice of its intention to file suit for recovery, not the United States; and Chrysler did in fact file this suit within the allotted time after payment under protest. Thus, all of the requirements for instituting suit pursuant to Section 15 of Ordinance No. 15,201, C.C. S., were met by Chrysler
I -am of the opinion that the cause of action for refund of the tax arose at the moment of the payment by Chrysler, and the rights thus created were vested, and should *513 govern the disposition to be made of this suit for refund. I fail to see how reimbursement to Chrysler by the United States could alter these rights, and particularly in such a manner that no one could sue for the refund, which is the result of the majority opinion.
It is true that this court’s decisions in this case on two occasions—238 La. 123, 114 So.2d 579, and the majority opinion now under consideration—found the tax was improperly collected from Chrysler inasmuch as the use of the property was not an incident of their ozvnership. In other words the tax was not properly placed against Chrysler, although they did pay it. The majority holding results in the strange anomaly that, although the tax was collected from Chrysler erroneously because Chrysler paid the tax under protest with money received from the United States under its facility contract, Chrysler cannot recover the taxes because these taxes were not properly placed against Chrysler.
I understand the majority holding to mean that if reimbursement were not involved there would be no question about Chrysler’s right to succeed in this case.
I am of the opinion that a contract between a taxpayer and another, whereby the taxpayer is reimbursed the taxes paid and is obliged to seek recovery for the benefit of the indemnitor, does not and cannot operate to deprive the taxpayer of his right to proceed under Section 15 of the ordinance. Bel Oil Corporation v. Fontenot, 238 La. 1002, 117 So.2d 571.
The Krauss Company case relied upon by the majority is effectively distinguished by Mr. Justice HAMITER in his dissenting opinion.
Furthermore, the majority opinion fails to dispose of . the city’s reconventional demand against Chrysler as the taxpayer for penalties, audit costs and attorney’s fees. '
I respectfully dissent.